**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING SHU PIAO, | No. 13-71540 |
| Petitioner, | Agency No. A088-483-669 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2016[**]
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Ming Shu Piao ("Piao"), native and citizen of China, petitions for review of

the Board of Immigration Appeals ("BIA") decision. The decision affirmed an

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

removal, and withholding of removal under the Convention Against Torture. The

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA affirmed the IJ's denial of relief on grounds of adverse credibility and lack of corroborating evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), grant the petition for review, and remand the case to the BIA.

1.      We review adverse credibility findings for substantial evidence and will uphold such findings unless a reasonable fact-finder would be compelled to conclude otherwise. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). In a post-REAL ID Act case such as this one, an adverse credibility determination is based on the totality of the circumstances. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

2.      Substantial evidence does not support the BIA's adverse credibility determination regarding Piao's claim of forced abortions. First, Piao's lack of memory or inability to testify to every detail of her twenty-year-old divorce certificate does not diminish the authenticity of the divorce certificate. *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir. 2000) ("Testimonial vagueness and inconsistency are not reasons that bear a legitimate nexus to the rejection of documents . . . ."). The certificate is internally consistent with all of her other supporting documentation, was sent for a forensics check, and was provided to the

judge without objection by the government attorney. *See Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003) (finding documentary support credible where "there was no opposition to the introduction or challenge to the authenticity of these documents by the INS," even where the IJ found the documents unbelievable). Given Piao's consistent testimony, and the uncontested validity of her evidence, her forgetfulness is the type of "trivial inconsistenc[y] that under the total circumstances ha[s] no bearing on petitioner's veracity [and] should not form the basis of an adverse credibility determination." *Shrestha*, 590 F.3d at 1044.

Second, substantial evidence does not support the BIA's affirmance of the IJ's finding that Piao failed to provide "easily obtainable" documents from China. Prior to the merits hearing, Piao was not given any notice as to specific corroborating documents the IJ wished to see and was never subsequently given the opportunity to explain why they might not be readily available. *Ren v. Holder*, 648 F.3d 1079, 1090–92 (9th Cir. 2011). Moreover, there is no evidence, other than the IJ's and BIA's assertions, that these documents were readily available from family members. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir. 2000) ("[I]t is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or acquaintances living outside of the United States—such corroboration is almost never easily

3

available."), *as amended on denial of reh'g* (Sept. 27, 2000).

**3.** Substantial evidence does not support the BIA's adverse credibility determination regarding Piao's claim of religious persecution. Absent the finding of adverse credibility, the IJ would have found Piao suffered from past persecution related to her religious beliefs. The IJ held, however, that Piao's claim of religious persecution was largely uncorroborated and suffered from inconsistencies in details, a holding with which the BIA agreed. In all instances, the IJ and BIA either mischaracterized Piao's testimony or failed to address her reasonable explanations.

First, the IJ and BIA were incredulous as to Piao's willingness and ability to get a Chinese passport—presumably to flee the country—when she was under the thumb of government surveillance after arrest for her Christian practice. The IJ and BIA mischaracterized, however, the level of surveillance Piao suffered. Only a single line in Piao's asylum declaration could ostensibly support finding that Piao was "forbidden" from leaving her home. The line was taken out of context. Piao consistently testified that she was not allowed to leave her local area, not that she was under house arrest. *See Shrestha*, 590 F.3d at 1040 ("[A]n IJ [can] not cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result."). Moreover, Piao obtained her passport from another office in the same building where she had to regularly check in with the police, a

4

fact the IJ and BIA could not believe. But they ignored Piao's explanation that passports are issued by a separate administrative body, distinct from the police office where she was required to check in. The IJ and BIA rejected Piao's reasonable explanation, instead relying on speculation as to how various aspects of Chinese administrative bodies interact. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding . . . ."). Finally, neither the IJ nor BIA inquired as to why Piao might obtain a passport for reasons other than to leave the country (e.g., as a proper form of identification); and both the IJ and BIA ignored the fact that Piao sought a passport for a different reason than to leave the country, as evidenced by her use of a fake passport to flee to the United States.

Second, both the IJ and the BIA raised issues with Piao's familiarity with Christian doctrine, but the issues raised are based on mischaracterizations of Piao's testimony. The IJ chided Piao for testifying that Christmas celebrates the arrival of Santa Claus and for not knowing who Jesus Christ was. Piao clearly testified that Christmas also celebrates the birth of Jesus Christ, who she said was the Son of God—two statements completely overlooked by the IJ. *See Ren*, 648 F.3d at 1088 ("In general, questioning an applicant on his knowledge of religious doctrine to determine if he is a true believer is not an appropriate method of determining

5

eligibility for asylum."). The BIA also emphasized Piao's "admitted unfamiliarity with her own faith" and "church doctrine." In doing so, the BIA misread Piao's testimony:  Piao admitted a lack of familiarity only with the Korean-American Christian church she attended in the United States.

Third, the BIA dismissed a letter provided by a Korean-American pastor on Piao's behalf, because Piao purportedly could not identify the pastor's Korean name when she used the Mandarin translation. Piao is a native of China, but ethnically Korean, and Piao had consistently translated Korean names into Mandarin throughout the merits hearing. Yet the IJ never gave Piao the opportunity during trial to offer an explanation as to any perceived discrepancy in the pastor's name.

**4.**     We hold that the IJ and BIA erred in their credibility assessments and find that any adverse credibility determination must be revisited in light of the issues identified in this memorandum disposition. Accordingly, we grant the petition for review regarding Piao's claims for asylum, withholding of removal, and relief under the Convention Against Torture.  If additional corroborative evidence is deemed necessary for Piao to carry her burden of proof, then the *Ren* notice requirements must be followed.  *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1095 (9th Cir. 2014).

Petition for review **GRANTED**. **REMANDED** for further proceedings consistent with this disposition.